**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEMOND LEE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01668 CDP |
| | ) | |
| OFFICER ALSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Demond Bond's Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. Having reviewed the Application and the financial information provided, the Court will grant the Application and assess an initial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will order the Plaintiff to amend his Complaint on a Court-provided Prisoner Civil Rights Form in a manner compliant with this Order. *See* E.D.Mo. L.R. 2.06(A). Plaintiff will have 30 days to do so.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Background and Complaint**

Plaintiff Demond Bond is currently incarcerated at the St. Clair County Jail in Belleville, Illinois. He appears to be awaiting retrial in a St. Clair County, Illinois, criminal action remanded from the Illinois Court of Appeals on April 8, 2025. *See People v. Bond*, No. 5-23-1324 (Ill. App. Ct. 5th Dist., Apr. 8, 2025).

According to the St. Clair County docket sheet,[1] on September 24, 2021, a warrant for Plaintiff's arrest and a criminal complaint was issued in St. Clair County. Plaintiff, who was living in Missouri at the time, was charged with 11 criminal counts, including three counts of aggravated criminal sexual assault with a firearm against a child, aggravated kidnapping with a firearm, felony aggravated kidnapping, three counts of criminal sexual assault by force and three counts of aggravated criminal sexual abuse with a female child. *Id.* A second warrant for

[1] The docket sheet and accompanying St. Clair County case file is found by accessing Plaintiff's Appellate docket. *See People v. Bond*, No. 5-23-1324 (Ill. App. Ct. 5th Dist., Apr. 8, 2025) (St. Clair County docket sheet is attached to the appellate docket as the "Appellate Preview Report"). The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Plaintiff's arrest was issued on September 27, 2021, along with a new criminal complaint with the same charges. *Id*.

Plaintiff claims that the named Defendants in this action, Officers Alston, Martin, Tesreao, Fisk, Kimble, Thayer and Smith, were part of a United States Marshal Fugitive Task Force[2] that "entered his home" in Missouri "without a warrant" on October 20, 2021, at 6038 Goodfellow Blvd. in St. Louis, Missouri, in an effort to effectuate the warrant for his arrest. [ECF No. 1 at 7-8].[3] Plaintiff believes that this was a violation of his rights under the Fourth Amendment. The officers failed to arrest Plaintiff at his home. Rather, the Defendants arrested Plaintiff near his place of work in South St. Louis, Missouri. *Id.* at 8, 11.

Plaintiff complains that after his arrest on October 20, 2021, he was transported to the St. Louis City Justice Center. *Id*. at 8-9. He claims that he "never received an extradition hearing in front of a Missour[i] judge and was transferred over to Illinois Deputy Fisk then illegally extradited for prosecution" on or about October 26, 2021. *Id.* at 9. Plaintiff states that this violated his due process rights. *Id.* However, in *Bond v. Cruse*, No. 3:23-cv-2721-NJR (S.D.Ill. Jan. 17, 2024), Plaintiff filed a transcript from a January 26, 2022, hearing in his state court criminal proceedings, in which he states that he willingly signed extradition papers. *Bond v. Cruse*, No. 3:23-cv-2721-NJR (S.D. Ill. Jan. 17, 2024), ECF No. 1 at 17.

Plaintiff was ultimately convicted of aggravated kidnapping and three counts of criminal sexual assault after a jury trial in St. Clair County Illinois, and on December 4, 2023, he was sentenced to 60 years in the Illinois Department of Corrections and three years of mandatory

---

[2] It appears that Defendant Alston, Martin, Tesreao, Kimble, Thayer and Smith are employees of St. Louis Metropolitan Police Department. Plaintiff asserts that Defendant Fisk is a St. Clair County Deputy Sheriff. *See Bond v. Alston*, No. 3:25-cv-2031-JPG (S.D. Ill. Nov. 11, 2025); ECF No. 1 at 2-4.

[3] *See also Bond v. Alston*, No. 3:25-cv-2031-JPG (S.D. Ill. Nov. 11, 2025); ECF No. 1 at 11 (Plaintiff states in his Complaint that he was ultimately arrested outside of his work location).

supervised release. *People v. Bond*, No. 210000-CF-1535 (20th Jud. Cir., St. Clair County). He appealed his conviction and sentence to the Fifth District Court of Appeals, and on April 8, 2025, the appellate court reversed and remanded Plaintiff's case for a new trial based on the trial court's failure to properly admonish Plaintiff in compliance with Illinois Supreme Court Rule 401(a) when accepting his waiver of counsel. Plaintiff has not indicated the current status of his trial court proceedings.

Plaintiff seeks compensatory and punitive damages in this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Because Plaintiff's assertions in this action fail to state a claim for relief, and any amendment of his claims must be contained on a Court-provided form, Plaintiff will be required to amend his Complaint on a Prisoner Civil Rights Form. *See* E.D.Mo. L.R. 2.06(A). When amending his Complaint, Plaintiff should bear in mind the following.

First, it appears that Plaintiff is attempting to sue several officers who participated in the United States Marshal Fugitive Task Force to apprehend him on an arrest warrant that was issued by St. Clair County Court on September 24, 2021, and another warrant that was issued on September 27, 2021. These officers were not actually United States Marshals, as Plaintiff is aware.[4] Thus, he is suing Defendants pursuant to 42 U.S.C. § 1983 for purported violations of his civil rights rather than under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[5] Additionally, Plaintiff is also aware that there was a warrant

[4] Plaintiff identifies these individuals as St. Louis Metropolitan Police Officers and a St. Clair County Sheriff Deputy in prior lawsuits filed in the Southern District of Illinois.

[5] A lawsuit brought pursuant to *Bivens* relates to claims against federal employees.

out for his arrest at the time the Defendant officers purportedly entered his home in St. Louis on October 20, 2021, and actually arrested him on that same date. And officers executing an arrest warrant may "enter the residence of the person named in the warrant" if they "have a reasonable belief that the suspect resides at and is currently present at the dwelling." *United States v. Lloyd*, 396 F.3d 948, 952 (8th Cir. 2005), citing *Payton v. New York*, 445 U.S. 573, 602–03 (1980). Thus, there is no indication that the Defendants acted illegally in entering his home on October 20, 2021.

Moreover, because Plaintiff admitted in his prior action in *Bond v. Cruse*, No. 3:23-cv-2721-NJR (S.D. Ill. Jan. 17, 2024), ECF No. 1 at 17, that he willingly signed extradition papers, he cannot now assert a due process violation against Defendants for an alleged failure to follow extradition procedures under either the Constitution or the Federal Extradition Act, 18 U.S.C. § 3182.[6]

Despite the aforementioned, Plaintiff will be allowed to file an Amended Complaint on a Court-provided form. He will be given 30 days to do so.

**Instructions for Amending the Complaint**

Plaintiff must type or neatly print his Amended Complaint on the Court's Prisoner Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff should bear in mind that his Amended Complaint will entirely replace the original, so he must include every claim he wishes to pursue in the amended pleading. *See, e.g., In re Wireless Telephone Federal Cost recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims

[6] Further, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). As such, Plaintiff should only name defendants in his Amended Complaint that are casually linked to, or directly responsible for, the deprivation of rights alleged in the claims he has decided to pursue in this case.

not included in the Amended Complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff is further advised that allegations in an Amended Complaint may not be conclusory, meaning that Plaintiff must plead facts that show how each Defendant is personally involved in or directly responsible for the alleged harm.

In the "Caption" section of the form, Plaintiff should write the name of any Defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must specify whether he sues each Defendant in his official or individual capacity. Failure to sue a Defendant in his or her individual capacity may result in the dismissal of that Defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing a Defendant's name. Then, in separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting his claim against that Defendant, and (2) state what constitutional or federal statutory right(s) that Defendant violated. If Plaintiff is suing more than one Defendant, he shall proceed similarly with each one, separately writing each Defendant's name and, under that name, in numbered paragraphs, the allegations specific to that Defendant and the right(s) that Defendant violated. Plaintiff should avoid including unnecessary detail in the Amended Complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims if the case proceeds to the next stage of litigation.

If Plaintiff names a single Defendant, he may set forth as many claims as he has against that Defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one Defendant, he may include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claims. Plaintiff must allege facts explaining how each Defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208.

Plaintiff must explain the role of each Defendant sufficiently to provide notice to the Defendant regarding what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'").

If Plaintiff fails to file an Amended Complaint on the Court-form within 30 days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [ECF No. 2] **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if Plaintiff fails to pay the initial partial filing fee within 30 days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with a copy of the Court-provided form for filing a Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that **within 30 days of the date of this Memorandum and Order,** Plaintiff is required to file an Amended Complaint on a Prisoner Civil Rights Complaint form in accordance with this Court's instructions.

**IT IS FINALLY ORDERED** that Plaintiff's failure to comply with this Order in all relevant aspects will result in a dismissal of this action without prejudice.

Dated this 18th day of August, 2026.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE